KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cedric Ross Jordan, | No. CV 09-2668-PHX-DGC (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Delena Carrillo, et al., | |
| Defendants. | |

Plaintiff Cedric Ross Jordan, who is confined in the Arizona State Prison Complex-Eyman, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendants Carrillo, Reyes, Gamblin, Valdez, Swanson, Lt. Wilson, White and Ryan to answer the Complaint and will dismiss the remaining Defendants without prejudice.

**I.       Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## III. Complaint

Plaintiff names the following individuals as Defendants: Deputy Warden Delena Carrillo; Sergeant Reyes; Correctional Officers II Gamblin, Valdez, Dixon, and Wilson; Chief of Security Captain R. Swanson; Shift Commander Lt. Wilson; Inmates Terraza and Guillen; Complex Warden William White; and Arizona Department of Corrections Director Charles Ryan.

Plaintiff raises two grounds for relief: (1) Plaintiff's Eighth Amendment rights were violated when he was housed with two inmates who threatened his safety and attacked him; (2) Plaintiff's First Amendment rights were violated when Defendants retaliated against Plaintiff for filing a lawsuit by refusing to move Plaintiff out of the dangerous housing situation. Plaintiff seeks injunctive relief and money damages.

**IV.     Failure to State a Claim**

   **A.     Count I**

      **1.     Defendants Terraza and Guillen**

Plaintiff alleges that Defendants Terraza and Guillen are inmates who are paid confidential informants for the Arizona Department of Corrections (ADOC). Plaintiff alleges that these Defendants attempted to obtain information from Plaintiff about Plaintiff's lawsuit and, on December 10, 2009, threw boiling water on Plaintiff's face.

To state a claim under § 1983, a plaintiff must: (1) "allege a violation of his constitutional rights" and (2) "show that the defendant's actions were taken under color of state law." Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001) (citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)). "Acting under color of state law is 'a jurisdictional requisite for a § 1983 action.'" Id. (quoting West v. Atkins, 487 U.S. 42, 46 (1988)). Private parties generally do not act under color of state law, and are properly dismissed from a § 1983 action unless the plaintiff establishes by more than conclusory allegations that the private party was somehow a state actor. Price v. Hawai'i 939 F.2d 701, 707-08 (9th Cir. 1991).

Courts must look to all the facts to determine whether a paid government informant "may fairly be said to be a [government] actor . . . because he has acted together with or has obtained significant aid from [government] officials, or because his conduct is otherwise chargeable to the State." Lugar v. Edmundson Oil Co., 457 U.S. 922, 937 (1982). In this case, Plaintiff has made only conclusory allegations that Defendants Terraza and Guillen are state actors and has therefore failed to state a § 1983 claim against them.

### 2. **Defendant Dixon**

Plaintiff alleges that Defendant Dixon was escorting Plaintiff when Plaintiff was attacked by Defendants Terraza and Guillen and failed to prevent the attack. Plaintiff also alleges that Defendant Dixon ignored Plaintiff's request for medical attention.

The Supreme Court has held that mere negligent failure to protect an inmate from another inmate is not actionable under § 1983. Davidson v. Cannon, 474 U.S. 344 (1986). A prison official violates the Eighth Amendment in failing to protect one inmate from another only when two conditions are met. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious;" the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Id. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test:

> the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 839 (emphasis supplied).

Plaintiff has not alleged that Defendant Dixon was in a position to prevent the attack or that he had prior knowledge the attack would happen and failed to act. Because Plaintiff has not demonstrated that Defendant Dixon was aware of a risk to Plaintiff's safety, he has failed to state a failure-to-protect claim against Defendant Dixon.

With respect to the medical claim, to maintain a claim under the Eighth Amendment based on prison medical treatment, a prisoner must show deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health. Farmer, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Id. Because Plaintiff has not described the nature or severity of his injuries,

1 | the Court cannot determine that there was a substantial risk of serious harm. Plaintiff
2 | therefore has failed to state an Eighth Amendment medical claim against Defendant Dixon.

### 3. Defendant C.O. II Wilson

Plaintiff claims that Defendant C.O. II Wilson conspired with inmates Terraza and Guillen to burn Plaintiff a second time, two days after Plaintiff was attacked by inmates Terraza and Guillen, but that Plaintiff refused to come out for showers and therefore was not attacked.

Conclusory allegations of a conspiracy are insufficient to state a claim. See Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (explaining the requirements of a conspiracy claim under § 1983); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.) (we need not "accept as true allegations that are merely conclusory, deductions of fact, or unreasonable inferences), amended on other grounds, 275 F.3d 1187 (9th Cir. 2001); Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989) (stating that conclusory allegations of conspiracy do not support a § 1983 claim). Plaintiff's conspiracy allegations against Defendant Wilson are too conclusory to state a claim and will be dismissed.

### B. Count II

In Count II, Plaintiff claims that Defendants Dixon, Terraza, and Guillen retaliated against Plaintiff when they conspired to burn Plaintiff. As with Count I, Plaintiff's claims of conspiracy are conclusory and insufficient to state a claim. Plaintiff's claims in Count II against Defendants Dixon, Terraza and Guillen will be dismissed.

### V. Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has adequately stated an Eighth Amendment failure-to-protect claim in Count I against Defendants Carrillo, Reyes, Gamblin, Valdez, Swanson, Lt. Wilson, White and Ryan. Plaintiff claims that although he informed each of these Defendants through inmate letters that his safety was threatened, each Defendant "did nothing" to protect Plaintiff. Plaintiff has also adequately stated a First Amendment retaliation claim in Count II against Defendants Carillo, Reyes, Gamblin, and Valdez. Plaintiff claims that these Defendants retaliated against Plaintiff for filing a lawsuit by failing

to move Plaintiff out of a dangerous housing situation. The Court will require Carrillo, Reyes, Gamblin, Valdez, Swanson, Lt. Wilson, White and Ryan to answer the Complaint.

**VI.    Motion to Expedite Service**

On January 11, 2010, Plaintiff filed a Motion to Expedite Service. The Court has reviewed Plaintiff's Complaint and finds no reason to accelerate the service deadlines. The Court will deny the Motion Expedite.

**VII.   Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2)   As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)   Plaintiff's January 11, 2010 Motion to Expedite Service (Doc. #5) is **denied**.

(4)   The conspiracy claims in Counts I and II, medical claims in Count I, and Defendants Terraza, Guillen, Dixon, and C.O. II Wilson, are **dismissed** without prejudice.

(5)   Defendants Carrillo, Reyes, Gamblin, Valdez, Swanson, Lt. Wilson, White and Ryan must answer the failure-to-protect claims in Count I and the retaliation claims in Count II of the Complaint.

(6)   The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Carrillo, Reyes, Gamblin, Valdez, Swanson, Lt. Wilson, White and Ryan.

(7)   Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8)   If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(9)   The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(10)   The United States Marshal must notify Defendants Carrillo, Reyes, Gamblin, Valdez, Swanson, Lt. Wilson, White and Ryan of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of

1 service of the summons. If a waiver of service of summons is not returned by a Defendant
2 within 30 days from the date the request for waiver was sent by the Marshal, the Marshal
3 must:

    (a) personally serve copies of the Summons, Complaint, and this Order upon Defendants pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(12) Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(14) This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 4th day of February, 2010.

_David G. Campbell_
United States District Judge